## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**CHRISTOPHER JONES**                                                    **PETITIONER**

**V.**                                                    **NO. 1:20-CV-00147-GHD-RP**

**STATE OF MISSISSIPPI**                                                    **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Christopher Jones for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as time-barred or, in the alternative, as barred under the doctrine of procedural default. The petitioner has failed to respond to the motion, and the time for doing so has passed. Thus, the matter is now ripe for resolution. For the reasons set forth below, the instant petition will be dismissed as untimely filed, and further as barred under the doctrine of procedural default.

### Procedural Background

Petitioner Christopher Jones is currently in the custody of the Mississippi Department of Corrections and housed at the Winston-Choctaw County Correctional Facility located in Louisville, Mississippi. Doc. # 1. Jones pleaded guilty to a charge of statutory rape in the Circuit Court of Oktibbeha County, Mississippi, and was sentenced on November 6, 2014, to a term of twenty (20) years, with five (5) years suspended. *Id.*; *see also* Doc. #s 9-1, 9-2.

On March 18, 2016, Jones submitted a letter requesting parole eligibility with the Oktibbeha County Circuit Court. Doc. # 9-3. The circuit court denied Jones' request in an order dated April 12, 2016. Doc. # 9-4. On August 27, 2019, Jones sent another letter to the circuit court requesting a sentence reduction. Doc. # 9-5. The circuit court construed Jones' letter as a motion for post-conviction relief and denied the motion as time-barred in an order entered October 2, 2019. Doc. # 9-6; *see* Miss. Code Ann. § 99-39-5(2).

On January 20, 2020, Jones moved for reconsideration of the circuit court's order denying his motion for post-conviction relief. Doc. # 9-7. The circuit court entered an order dismissing Jones' motion as "frivolous" and further finding that any subsequent filings of that nature would also be considered frivolous. Doc. # 9-8.

On March 16, 2020, Jones filed another motion for post-conviction relief styled as a "Motion for Charge Reduction" in the circuit court. Doc. # 9-9. In this filing, Jones raised issues concerning (1) the lack of video evidence; (2) the failure to obtain DNA evidence; and (3) ineffective assistance of counsel. *Id.* In an order dated April 28, 2020, the circuit court denied Jones' motion as "frivolous and without merit." Doc. # 9-10. Jones failed to appeal any of the aforementioned circuit court rulings.

Jones' instant petition for federal habeas corpus relief was stamped as "received" by the Court on July 11, 2020. Doc. # 1. Jones asserts three grounds for relief in the instant petition: (1) lack of video footage of the incident; (2) ineffective assistance of counsel; and (3) failure to conduct DNA testing. *Id.* On September 23, 2020, the Court entered an order directing Respondent to answer Jones' petition on or before December 7, 2020. Doc. # 6. On December 2, 2020, Respondent moved to dismiss Jones' petition as untimely filed or, in the alternative, as procedurally defaulted. Doc. # 9. To date, no response has been filed.

### Analysis

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion to dismiss shall be granted turns on the statute's limitations period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

Mississippi law does not provide for a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Thus, a judgment issued pursuant to a guilty plea is considered final on the date of sentencing. *See, e.g. Laneri v. Fisher*, 2016 WL 1600207, at *2 (S.D. Miss. Feb. 25, 2016) ("Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. Laneri's conviction therefore became final on [] the date he was sentenced by the trial court.") (citation and footnote omitted). Jones was sentenced on November 6, 2014. Doc. #s 9-1, 9-2. Accordingly, absent statutory or equitable tolling, Jones' federal habeas petition must have been filed on or before November 6, 2015, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Jones must have filed an application for post-conviction relief in state court on or before November 6, 2015, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling while a "properly-filed" motion for post-conviction relief is pending). Jones submitted four motions in the Oktibbeha County Circuit Court. Jones' first motion was filed on March 18, 2016; the second on August 27, 2019; the third on January 30, 2020; and the fourth on March 16, 2020. *See* Doc. #s 9-3, 9-5, 9-7, 9-9. Jones' first motion was a request for parole eligibility and did not constitute an "application for post-conviction or other collateral review." *See* 28 U.S.C. § 2244(d)(2). As the first of

Jones' applications truly seeking post-conviction review was not filed until August 27, 2019, more than

three and a half years *after* the federal limitation period had expired, Jones' instant federal habeas petition

is not subject to statutory tolling.[1]  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state

habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after

the period of limitation had expired.") (emphasis omitted).

Under the "mailbox rule," the Court considers Jones' federal habeas petition as filed on the date

that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401(5th Cir. 1999).

Jones failed to date the instant petition, but it was stamped as "Received" by the Court on July 11, 2020.

*See* Doc. # 1. Jones, therefore, filed the instant petition more than four and a half years after the

November 6, 2015, deadline for filing said petition. Consequently, the Court may review the merits of

Jones' claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that

would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th

Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v.

Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam).  To satisfy

this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v.

Florida*, 560 U.S. 631, 649 (2010) (citations omitted).  Jones has presented no arguments regarding

equitable tolling, and the Court does not find equitable tolling of the limitations period to be warranted in

this case.  In sum, Jones' petition is untimely, and Respondent's motion to dismiss should be granted.

Even assuming, *arguendo*, that Jones' petition was timely filed, dismissal would nonetheless be

warranted under the doctrine of procedural default.  "Applicants seeking federal habeas relief under §

2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."

---

[1] Even if the Court construed Jones' motion requesting parole eligibility as a properly-filed application for post-conviction review, the result would be the same.  Such motion was filed on March 18, 2016, four months *after* the limitations period expired.

*Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy this requirement, a federal habeas petitioner must generally present his claims to the state's highest court in a procedurally proper manner and provide that court with a fair opportunity to pass upon the claims. *See O' Sullivan v. Boerckel*, 526 U.S. 838 (1999). If an inmate seeking habeas corpus relief fails to exhaust an issue in state court—and no more avenues exist to do so—under the doctrine of procedural default that issue cannot be raised in a federal habeas corpus proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

It cannot be disputed that Jones failed to appeal the circuit court orders denying the aforementioned motions for post-conviction relief, and the deadline for filing any such appeals has long since passed. *See* Miss. R. App. P. 4 (requiring appeals from a trial court judgment be filed within thirty (30) days from the date of the judgment or order appealed from). As such, Jones has defaulted these claims and they are procedurally barred from federal habeas review. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (holding that when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review").

In order to obtain habeas review of his defaulted claims, Jones must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider the claim would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Jones has not demonstrated cause for his failure to appeal the trial court orders denying post-

conviction relief. Because he has failed to demonstrate cause, the Court need not question whether there is prejudice. *See Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Moreover, there has been no showing that failure to consider these claims would result in a fundamental miscarriage of justice. Jones has not alleged, much less proven, that, as a factual matter, he did not commit the crime of conviction, nor has he identified any new, reliable evidence to support his claims.[2] *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Accordingly, the claims presented in Jones' instant habeas petition are not cognizable for federal habeas review.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Jones must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Jones must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

### Conclusion

For the reasons set forth above, Respondent's Motion to Dismiss [9] will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice** as untimely filed and as barred under the doctrine of procedural default. The Court further **DENIES** a

---

[2] In fact, Jones has not presented this Court with any new evidence whatsoever.

certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 25ᵗʰ day of March, 2021.

_____
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

7